# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT C. KINDELL,

    Defendant.

Case No. 2:01-CR-00449-KJD-RJJ

**ORDER**

Before the Court for consideration is Defendant's Motion to Suspend Payment of Restitution (#18). The Government filed a response in opposition (#20) to which the Defendant did not reply.

On or about December 14, 2001, Defendant pled guilty to four counts of Bank Robbery in violation of 18 U.S.C. § 2113(a). Sentencing occurred on April 17, 2002, wherein Defendant was sentenced to 240 months (20 years) in prison with five years of supervised release to follow. This Court also imposed criminal monetary penalties in the amount of (1) $400.00 for penalty assessment and (2) $28,053.79 for restitution. Upon entry of judgment, a lien arose "in favor of the United States on all property and rights to property" of Defendant. See 18 U.S.C. § 3613(c) (for which the liability to pay continues for at least 20 years "after release from imprisonment."). See also 18 U.S.C. § 3613(b). According to the Government, since judgment was entered, periodic payments have been made by Defendant through participation in the Bureau of Prison's Inmate Financial Responsibility Program. Those payments total approximately $327.00. Thus, inclusive of interest that has accrued at 2.53%, Defendant's outstanding balance is $38,327.64 ($27,774.16 principal + $10,553.48 interest).

It appears Defendant, at some time during his period of incarceration, voluntarily agreed to participate in the Inmate Financial Responsibility Program ("IFRP") administered by the Bureau of Prisons ("BOP"), which is a work program instituted by BOP to encourage each sentenced inmate to

meet his or her legitimate financial obligations. Geiger v. Fed. B.O.P., 487 F.Supp.2d 1155, 1158 (C.D. Cal. 2007) (citing Montano-Figueroa v. Crabtree, 162 F.3d 548, 548 (9th Cir. 1988). Defendant indicates that he has made all of the payments under the "BOP contract" he signed "and never missed [his] FRP." Now, citing his potential release in three (3) years, Defendant asks that restitution payments be suspended to allow him to save the money he earns while participating in the BOP administered IFRP. Defendant's Motion essentially is a request that this Court intervene in the BOP administered IFRP and enter an order permitting him to continue obtaining the benefits of participation without the corresponding repayment obligations.

Challenges to BOP administration of the IFRP, as here, must be brought by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See e.g. Ward v. Chaves, 678 F.3d 1042, 1046 (9th Cir. 2012) (considering § 2241 habeas petition concerning the BOP's administration of the IFRP in connection with restitution payments); United States v. Lemoine, 546 F.3d 1042, 1046 (9th Cir. 2008) (considering § 2241 habeas petition challenging BOP's administration of the IFRP in connection with restitution payments); Montano-Figueroa v. Crabtree, 162 F.3d 548, 550 (9th Cir. 1988), *cert. denied* 526 U.S. 1091 (1999) (considering § 2241 habeas petition concerning the BOP's administration of the IFRP in connection with monetary fines.).

Before a Section 2241 petition challenging the conditions of a sentence's execution is filed, a defendant is required to exhaust his federal administrative remedies. See e.g., Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam) (a federal prisoner is required to exhaust federal administrative remedies before bringing a habeas petition in federal court); see also Huang v. Ashcroft, 390 F.3d 1118, 1123 (9th Cir. 2004). Even when a prisoner exhausts his administrative remedies, his recourse for judicial review is in the federal court in the district of his confinement, not in the district that sentenced him. Cf. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under [28 U.S.C.] § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of sentence's execution must be brought pursuant to [28 U.S.C.] § 2241 in the custodial court."); see also Harrison

v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). Even construing this motion as such, there is no indication that the Defendant exhausted his administrative remedies prior to filing. Moreover, Defendant has offered no authority for his request that the Court suspend restitution payments outside of his simple desire to save money. Consequently, the motion should be denied.

To the extent Defendant asks only that the Court adjust his payment schedule to suspend all payments, he has offered no support or authority for the request. Generally, a sentence imposing an order of restitution is a final judgment. 18 U.S.C. § 3664(o). Upon notification from a defendant of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution[,]" the court may "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). While the statute does not define "material change," at least one court has defined it as a "bona fide positive or negative change in the defendant's financial circumstances which affects his ability to pay restitution." See Cani v. United States, 331 F.3d 1210, 1215 (11th Cir. 2003). Further, Section 3664(k) is limited to adjustment based on changed circumstances, it does not provide jurisdiction to examine the legality of the restitution order itself. See United States v. Ward, 2009 WL 160690 (E.D. Cal.), citing United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002); see also Cornwell v. Sanders, 2013 WL 692999 (C.D. Cal) ("Under 18 U.S.C. § 3664(k), a sentencing court may adjust a restitution order based on changes in the defendant's financial circumstances. However, such jurisdiction is limited to addressing the changed circumstances and does not provide jurisdiction to examine the legality of the restitution order itself.").

Here, the only potential change identified by Defendant is that he has the opportunity to save money rather than pay a portion to his victims. An increase in earnings through voluntary participation in the IFRP is not a material change that would support the suspension of restitution payments. See United States v. Oseguera, 2006 WL 851247 (W.D. Wa.) (declining to adjust payment provision under Section 3664(k) because increased payment rate under IFRP was not a material change and declining to find a material change resulting from potential loss of privileges under the

1  IFRP when it is defendant's voluntary participation in the program that enables him to earn sufficient
2  funds to meet his obligation); *United States v. Ward*, 2009 WL 160690 (E.D. Cal.) (declining to
3  review schedule of restitution payments absent "specific and compelling changes in circumstances
4  warranting review" where the quarterly restitution payment of $25 for non-UNICOR employees and
5  a restitution payment of 50% of monthly pay for UNICOR employees in grades 1-4 is the normal
6  arrangement for participation in the IFRP). Simply put, the desire to save money does not support a
7  downward adjustment under 18 U.S.C. § 3664(k).

Accordingly, **IT IS THEREFORE ORDERED** that Defendant's Motion to Suspend Payment of Restitution (#18) is **DENIED**.

DATED this 22nd day of May 2017.

_____
Kent J. Dawson
United States District Judge