UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT CARL KINDELL,<br><br>　　　　　Defendant. | Case No. 2:01-cr-00385-KJD-EJY<br>　　　　　2:01-cr-00449-KJD-EJY<br><br>**Order – Denying Motion for Temporary Release** |

Presently before the Court is Defendant Robert Kindell's Motion for Temporary Release (#70).[1] The Government filed a response in opposition (#73) to which Defendant replied (#74). For the reasons stated below, Defendant's motion is denied.

I.　　Factual and Procedural Background

On August 8, 2002, Defendant was sentenced in the District of Nevada to concurrent 240-month terms of imprisonment for Armed Bank Robbery and Bank Robbery in case numbers 2:01-cr-00385-KJD-EJY and 2:01-cr-00449-KJD-EJY, with five years of supervised release to follow. (#19; #73, at 1-2). Defendant commenced his supervised release on November 1, 2019, and four years into his term, he sustained an injury to his hand while at work. (#70, at 2). Although his injury has slightly improved, it has been medically recommended that his injured finger undergo amputation. See id. at 2-3. However, before he could undergo hand surgery, Defendant was arrested by the Reno Police Department for the offense of prohibited person in possession of a firearm. Id. Following his arrest, Defendant was indicted by a federal grand jury in Reno, Nevada for one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). (#73, at 2). Defendant made his initial appearance in Las Vegas on December 22, 2023, case number 3:23-cr-00039-ART-CLB, at which point the court ordered him detained until

---

[1] Defendant filed a duplicate motion for release in case number 2:01-cr-00449-KJD-EJY; as such, this order will serve as an adjudication on both pending motions.

his forthcoming trial. Id. Defendant now moves for temporary release under 18 U.S.C. § 3142(i) so that he may undergo hand surgery in Reno. (#70, at 1). Furthermore, as exhibits to his motion contain personal and medical information, Defendant requests the Court permit him to file these exhibits under seal. (#71).

II.    Legal Standard

Title 18 U.S.C. § 3142(i) provides:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

In addressing a motion for temporary release under § 3142(i), limited authority exists as to when release is justified based on "another compelling reason." United States v. Terrone, 454 F. Supp. 3d 1009, 1018 (D. Nev. 2020); see United States v. Cox, 449 F. Supp. 3d 958, 962-63 (D. Nev. 2020). Although some courts have found that a defendant's medical condition may qualify as a "compelling reason" justifying release. See Cox, 440 F. Supp. 3d at 962-65 (analyzing the defendant's argument regarding whether the health risk posed to him by the current COVID-19 pandemic is a compelling reason to temporality release him). Furthermore, a motion for temporary release cannot be analyzed in a "vacuum." Id. 962. Determining whether release is appropriate necessitates an individualized analysis of the facts of each case. Id. Defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i). Id.

III.    Analysis

As an initial matter, the Court finds it important to address the recent ruling by Magistrate Judge Weksler on Defendant's concurrent motion for temporary release in case number 3:23-cr-00039-ART-CLB. See United States v. Kindell, No. 3:23-CR-00039-ART-BNW, 2024 WL 841098, at *1 (D. Nev. Feb. 27, 2024). In Kindell, the court held that Defendant's medical situation—hand surgery—did not constitute a "compelling reason" for temporary release under § 3142(i), and thus denied his motion. Id. at *3. Generally, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given to them." Colorado River Water

Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). However, in situations where federal courts are simultaneously exercising jurisdiction, the general principle is to avoid duplicative litigation. Id. Here, the motion filed by the defendant in Kindell and the one currently pending before this Court appear to be nearly identical. The motions pertain to the same plaintiff, defendant, legal standard, were filled on the same day, and maintain consistent reasoning—both seeking release to obtain hand surgery. See Kindell, 2024 WL 841098, at *1; (#70, at 1). The only difference between the two motions is the procedural posture in which they were brought. The motion pending before this Court is brought post-trial, whereas the motion ruled on by Magistrate Judge Weksler was brought pretrial. Procedural posture aside, the Court has no trouble concluding that Defendant is attempting to litigate the same issue simultaneously in more than one federal court. And while the Court may simply exercise its jurisdiction and adjudicate Defendant's motion, "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," advises against such an undertaking. See Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952). Instead, the Court finds it is squarely within its discretion to defer to Magistrate Judge Weksler's analysis in ruling on Defendant's pending motion, which, upon review, the Court agrees with. See Kindell, 2024 WL 841098, at *1-4. As such, Defendant's motion is denied.

IV.     Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant Robert Kindell's Motion for Temporary Release (#70) is **DENIED,** and his Motion to Seal (#71) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Temporary Release (#50) in case 2:01-cr-00449-KJD-EJY is **DENIED,** and his Motion to Seal (#51) is **GRANTED**.

Dated this 13th day of March 2024.

_____
Kent J. Dawson
United States District Judge